Colon v Woolco Foods Inc. (2019 NY Slip Op 08364)





Colon v Woolco Foods Inc.


2019 NY Slip Op 08364


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


304899/15 10369A 10369

[*1] Santos Colon, Plaintiff-Appellant,
v
Woolco Foods Inc., et al., Defendants-Respondents.


Law Offices of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Gambeski & Frum, Elmsford (Donald L. Frum of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 13, 2018, which denied plaintiff's renewed motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 28, 2018, which, upon granting reargument, adhered to the original determination, unanimously dismissed, without costs as academic.
In this action for personal injuries arising out of a motor vehicle accident, the question of whether the accident occurred as plaintiff and the uncertified August 26, 2015 police report described it, or whether it occurred as defendant Diaz described it in his 2016 affidavit and subsequent deposition testimony, is a classic factual dispute, and the statement attributed to Diaz, which he denies making, in the aforementioned police report cannot serve as grounds to render his 2016 affidavit and subsequent deposition testimony describing the accident incredible as a matter of law (see Ramos v Rojas, 37 AD3d 291, 292 [1st Dept 2007]). Instead, these conflicting versions as to how the accident occurred demonstrate that there exist triable issues of fact that preclude summary judgment on the issue of defendants' liability (see Huerta-Saucedo v City Bronx Leasing Inc., 147 AD3d 695 [1st Dept 2017]).
Contrary to plaintiff's contention, Diaz's 2016 affidavit submitted in opposition to his original motion for summary judgment does not conflict with his subsequent deposition testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK